165 So.2d 220 (1964)
Virginia D. MARTIN, joined by Ralph Martin, her husband, Appellants,
v.
James W. PARKS and James E. Brunt, individually and severally, and as a partnership, trading and d/b/a Russell Produce Co., not incorporated, Roy Lavern Smead and Dr. Richard Strain, Appellees.
No. 64-3.
District Court of Appeal of Florida. Third District.
May 26, 1964.
Sams, Anderson, Alper & Spencer and Sam Daniels, Miami, for appellants.
Papy & Carruthers, Carr & Warren, Green & Hastings and Irma Robbins Feder, Miami, for appellees.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
CARROLL, Judge.
Following her injury in an automobile accident, Mrs. Virginia P. Martin, joined by her husband, filed an action for damages against the driver and the owners of the other automobile involved, and against a doctor who treated her. The plaintiff husband asserted his derivative claim of damages for loss of consortium and for medical expenses.
*221 In her count against the doctor the plaintiff alleged:
"10. That on July 10, 1961 at Baptist Hospital, the defendant, Richard E. Strain, a neurosurgeon performed an anterior dissectomy and interbody fusion on the body of the plaintiff.
"11. That the aforesaid operations were stated by the defendant doctor to be necessary and proper to help effect a cure and alleviate the plaintiff's condition resulting from the automobile accident of January 24, 1961 herein sued for.
"12. That plaintiff submitted to the aforesaid operations relying on the representations of the defendant doctor that such treatment was necessary and proper.
"13. That, in fact, the aforesaid operations were not medically necessary or proper and in advising and acting to the contrary the defendant doctor acted negligently and contrary to accepted medical practice and procedure in this community.
"14. That had the defendant doctor possessed and exercised the degree of medical care and skill of those medical doctors practicing neurosurgery in this community he would not have told plaintiff to submit to the aforesaid operations, nor would he have performed such operations upon the plaintiff.
"15. As a direct and proximate result of the negligence of Dr. Richard E. Strain, the plaintiff's injuries were aggravated and she was caused to suffer the pain and disability resulting from said unnecessary operations and the permanent after effects thereof."
The doctor answered denying negligence as alleged, and asserting his actions were medically correct and benefited the plaintiff.
The defendant doctor filed a motion for summary judgment, supported by his affidavit. In opposing the motion the plaintiffs relied on the depositions of doctors Haverfield and Tolmach, and the medical records. The court granted summary judgment in favor of Dr. Strain, and this appeal is from that order.
Appellants contend there was a triable issue on the question of necessity, or rather non-necessity for the operation and that it would not have been undertaken by a reasonably prudent doctor. The reply brief states the question accepted by the parties, as follows: "Does the record create a genuine issue of material fact as to whether Dr. Strain departed from accepted medical practice in performing the anterior dissectomy and interbody fusion at the C 6-7 level?" The difficulty encountered by the appellants is that this record fails to support their contention of the presence of such an issue.
Dr. Strain's affidavit claimed necessity, and that there was benefit from the operation. Regarding Dr. Haverfield's deposition, while he found no need for the operation and expressed an opinion against its advisability or propriety, it was admitted by appellants' counsel that the Harverfield deposition did not go so far as to state that a doctor could not reasonably conclude otherwise. Nor did the deposition of Dr. Tolmach so state, although appellants argued it did so. For example, Dr. Tolmach's deposition contained the following:
"Q Doctor, based on your examination and review of all of the records, x-rays, and reports that we have already mentioned and that have been marked for identification, and also based on your training and experience as a medical doctor and as a neurosurgeon, do you have an opinion as to whether or not Dr. Richard Strain, in undertaking or embarking upon this operation which we have just mentioned, the anterior dissectomy, upon Mrs. Virginia Martin, acted in accordance with the usual judgment, skill, and care ordinarily required in the practice of medicine by a medical doctor.

*222 "First of all, do you have an opinion?
"A I have an opinion.
"Q Would you state that opinion, please.
"A You are referring primarily, of course, not to the technique of the surgeon but to the indications for the surgery?
"Q Yes, sir; as to whether or not the surgery should have been performed at all. That is correct.
"A To clarify my yes and no answer, I am going to have to state, first, that indications for surgery in most individuals are based on two findings; The result of the examination, which is recorded by the examining physician or surgeon; and, two, the objective findings which are palpably obvious, x-rays, and laboratory studies.
"Based on the assumption that Dr. Strain's report of his examination is accurate and based on the assumption that Dr. Strain's report of his electromyogram is accurate, I would say that a neurosurgeon could not be considered negligent or inaccurate in his diagnosis of the necessity of surgery in performig this surgery.
"My own opinion as to whether I would have performed surgery or not, I do not believe has any bearing on the case.
* * * * * *
"I would not have done it, based primarily on the objective findings of the diskogram and myelogram.
"However, in fairness to Dr. Strain, repeating again, based on the assumption that his reported findings are accurate, one could reasonably expect that a competent and honest neurosurgeon might be within his rights to perform this surgery."
On the record before the court on the motion of Dr. Strain for summary judgment the trial judge was eminently correct in concluding there were no genuine triable fact issues and that said defendant was entitled to judgment as a matter of law.
Affirmed.